**Pedro Ramos PERILLA, aka Pedro Antonio Ramos Perilla; et al., Petitioners,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–71692.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 15, 2004.*

Decided Nov. 22, 2004.

Pedro Ramos Perilla, Henderson, NV, pro se.

Nidia Mercedes Alvis, Henderson, NV, pro se.

Mary Ramos Alvis, Henderson, NV, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, David V. Bernal, Attorney, Regina Byrd, Attorney, DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: LEAVY, MCKEOWN, and BERZON, Circuit Judges.

## MEMORANDUM **

Lead petitioner Pedro Ramos Perilla, a native and citizen of Colombia, petitions pro se for review of an order of the Board of Immigration Appeals ("BIA") affirming without opinion the Immigration Judge's ("IJ") denial of his application for asylum and withholding of removal.[1] We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Malhi v. INS*, 336 F.3d 989, 992 (9th Cir.2003), and deny the petition for review.

Even assuming that Ramos Perilla provided credible testimony, substantial evidence supports the IJ's conclusion that the threatening phone calls he received did not constitute past persecution on account of his political opinion.

Moreover, Ramos Perilla did not present sufficient evidence to establish a well-founded fear of future persecution on account of his political opinion. *See Quintanilla–Ticas v. INS*, 783 F.2d 955, 957 (9th Cir.1986) (holding that petitioner had not shown a well-founded fear of future persecution based on anonymous threat he received).

Because Ramos Perilla failed to establish eligibility for asylum, he necessarily failed to satisfy the more stringent standard for withholding of removal. *See Pedro–Mateo v. INS*, 224 F.3d 1147, 1150 (9th Cir.2000).

Ramos Perilla's contention that the BIA's streamlining procedure violates due process is foreclosed by *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 852 (9th Cir.2003).

Ramos Perilla's remaining contentions lack merit.

Pursuant to *Desta v. Ashcroft*, 365 F.3d 741 (9th Cir.2004), Ramos Perilla's motion for stay of removal included a timely request for stay of voluntary departure for petitioner Nidia Mercedes Avila. Because the motion for stay of removal was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, nunc pro tunc, as of the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

Respondent's motion to supplement the record is granted.

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Ramos Perilla also sought asylum and withholding of removal for his wife, Nidia Mercedes Alvis, and daughter, Mary Ramos Alvis.

